IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HUMPHRIES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 02: 96-cr-108 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

On November 5, 2009, Petitioner, John Humphries, filed *pro se* the following:

•   MOTION TO PROCEED IN FORMA PAUPERIS IN CORAM NOBIS PETITION (Document No. 18);

•   MOTION FOR PREPARATION OF TRANSCRIPTS AT GOVERNMENT'S EXPENSE (Document No. 19); and

•   MOTION OF WRIT OF CORAM NOBIS PURSUANT TO 28 USCA § 1651, with brief in support (Document Nos. 20 and 21).

Petitioner seeks an order vacating a federal conviction he received on September 20, 1996, for Conspiracy to Distribute and Possess With Intent to Distribute Oxycodone.

For the reasons that follow, the Motion to Proceed In Forma Pauperis will be granted, the Motion for Preparation of Transcripts at Government's Expense will be denied as moot, and the Motion of Writ of Coram Nobis will be denied as frivolous.

**Background**

On July 10, 1996, Petitioner, John Humphries ("Humphries") appeared before Judge Donald J. Lee and pled guilty to a one-count Information which charged him with Conspiracy

to Distribute and Possess With Intent to Distribute Oxycodone, from on or about November 21, 1994, to on or about April 22, 1996, in violation of Title 21, United States Code, section 846.

Thereafter, a Presentence Investigation Report ("PSI") was prepared by the United States Probation Office which reflected that Humphries was subject to the Career Offender enhancements of § 4B1.1 of the United States Sentencing Guidelines.[1]  Accordingly, the PSI reflected that Humphries had a Criminal History Category of VI, a Total Offense Level of 29, and a corresponding Guideline Range of 151 - 188 months imprisonment.

Counsel for Defendant, Thomas Livingston, Esquire, filed a Position with Respect to Sentencing Factors in which he argued, *inter alia,* that a downward departure was warranted because the Career Offender enhancements generated an offense level and criminal history category which significantly overstated the seriousness of Defendant's criminal history.

On September 20, 1996, Humphries appeared, with counsel, before Judge Lee for sentencing.  Judge Lee granted the request for a downward departure finding that the § 4B1.1 career offender enhancements generated a sentencing range which over-represented the seriousness of  Humphries' criminal history.  Accordingly, Humphries was sentenced under the following sentencing guideline scheme:

- •        A Criminal History of III;
- •        A Total Offense Level of 27; and
- •        A corresponding Guideline Range of 87 - 108 months of imprisonment.

---

[1]        Humphries was subject to the § 4B1.1 career offender enhancements based on two prior state drug convictions: a 1993 drug conviction in the Court of Common Pleas, Allegheny County,  CC No. 9300361, and a 1994 drug conviction in the Court of Common Pleas, Allegheny County, CC No. 9307425.

Humphries was sentenced to a term of imprisonment of 92 months, to be followed by a term of supervised release of 36 months. The Federal Bureau of Prisons web site reflects that Humphries was released from custody on May 31, 2002. *See* www.bop.gov.

It does not appear that Humphries filed either a direct appeal from his conviction or a collateral attack on his sentence under 28 U.S.C. § 2255.

**Standard of Review**

The writ of error coram nobis is an "infrequent" and "extraordinary" form of relief that is reserved for "exceptional circumstances." *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980) (per curiam); *see Carlisle v. United States*, 517 U.S. 416, 429 (1996) (noting that the remedy is so extreme that it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."). It is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has completed serving his sentence and is no longer "in custody" for purposes of 28 U.S.C.A. § 2255. *Stoneman,* 870 F.2d at 105-06.

Because of the strong interest in finality of judgments, the standard for a collateral attack on a conviction via a writ of error coram nobis is more stringent than the standard applicable on a direct appeal. *Gross,* 614 F.2d at 368. Indeed, because a defendant seeking coram nobis relief has already completed his sentence, the interests in favor of revisiting the judgment are even less than in the habeas context, where the petitioner is still "in custody." *Osser,* 864 F.2d at 1060. Thus, "[o]nly where there are errors of fact of 'the most fundamental

kind, that is, such as to render the proceeding itself irregular and invalid' . . . can redress be had," *Stoneman,* 870 F.2d at 106, and "relief will be granted only when circumstances compel such action 'to achieve justice.' " *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Despite this heavy burden, both the United States Supreme Court and the United States Court of Appeals for the Third Circuit have reaffirmed the continued existence of coram nobis relief under the appropriate circumstances. *Id.* (holding that coram nobis relief is available to federal courts in criminal matters under the All Writs Act, 28 U.S.C.A. § 1651(a)).

In addition to the cardinal requirement for issuance of the writ that "errors of . . . the most fundamental kind" had infected the proceedings, *Mayer, supra*, our appellate court has articulated several other threshold conditions to coram nobis relief. A successful petition must show: (1) valid reasons for failing to seek relief sooner; (2) defendant continues to suffer adverse consequences from his conviction even though no longer in custody; and (3) that the error is of a fundamental character. *Osser*, 864 F.2d at 1059. Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise. *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir. 1963).

## Discussion

Initially, the Court must address the Motion to Proceed *In Forma Pauperis*. Humphries did not attach a Financial Affidavit to his motion or describe his financial situation; however, the Court notes that Defendant has been detained on pending federal criminal charges since approximately June 29, 2009.[2] *See United States of America v. John Michael Humphries*,

---

[2] Coram nobis relief is generally not available to a person in custody. However, in a case like the one *sub judice,* where the present custody of the petitioner derives
(continued...)

Criminal No. 09-236.  Accordingly, the Court will grant Petitioner's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). This, however, does not end the analysis as the Court must now determine whether the motion is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915 (e)(2).

The Motion of Writ of Coram Nobis will be denied as frivolous for the following reasons.

Initially, the Court finds that Humphries has failed to meet the threshold requirement to demonstrate that "sound reasons exist for failing to seek relief earlier."  There is no statutory time line for filing a petition for writ of coram nobis.  However, in lieu of a specific statute of limitations, those seeking coram nobis relief "must provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier."

Humphries alleges three primary claims in his motion: ineffective assistance of counsel, clear error / abuse of judicial discretion, and government misconduct.  All of the "facts" supporting Humphries' claims were known to him at the time of his plea and/or sentencing.  Yet, he did not file a direct appeal nor did he seek habeas relief under 28 U.S.C. § 2255.  Humphries has failed to demonstrate the existence of a "fact" unknown at the time of his plea and/or sentencing.

---

²(...continued)
from some authority other than the challenged sentence, coram nobis relief may be available under the jurisdictional mantle of the All Writs Statute. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *Custis v. United States*, 511 U.S. 485, 497 (1994).  Coram nobis is a step in the criminal case and is not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. *United States v. Morgan*, supra, 346 U.S. at 505 (n. 4).

The Court docket reflects that Humphries is no stranger to initiating litigation. He has filed *pro se* at least three civil actions, *to wit: John Humphries v. Venango County District Attorney Office*, et al, 08-cv-335,[3] *Humphries v. Warden of Allegheny*, 09-cv-485,[4] and *Humphries v. Edward Rendell and Thomas Corbett*, et al, 09-cv-1211.[5]

The Court notes that Humphries has failed to provide <u>any</u> reasons - let alone any "sound reasons" - for waiting thirteen (13) years before filing the instant motion.

Equally important, the Court finds that Humphries has failed to show that he is suffering from "continuing consequences of the allegedly invalid conviction." Without providing any details whatsoever, Humphries alleges that he is "still suffering consequences of the aforementioned plea, and only now, it is going to substantially enhance petitioner's sentence in a current case and is also currently causing more coercive effects to decision whether to

---

[3] In *Humphries v. Vanango County District Attorneys Office*, et al, Humphries claimed that Defendants violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments by detaining him at Venango County Jail between September 20, 2006 and December 20, 2006 without the benefit of a preliminary hearing. He further alleged that he was denied the opportunity to appear at a custody hearing and that due to his absence at the hearing, he lost custody of his daughter. On November 10, 2009, the Court granted the Defendants' Motion to Dismiss and the case was docketed as closed.

[4] In *Humphries v. Warden of Allegheny County Jail*, Humphries filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that he was being unlawfully held beyond his maximum sentence on his 2008 federal conviction. The Petition was dismissed as "moot" as Humphries had been released from imprisonment.

[5] In *Humphries v. Rendell and Corbett, et al*, Humphries and three other individuals have filed a purported class action in which they contend that they have "been arrested and forced into confinement under the void and unconstitutional statues (sic) of 18 Pa.C.S. (sic) of the Pennsylvania Crimes Code Act of December 6, 1972 to serve this debt contrary to the public's interest." *See* Document No. 7.

pursue a trial in light of the harsh provisions of the 'career offender' petitioner faces now. Petitioner also avers he already lost a significant employment opportunity due to a federal conviction in 1996." Mot. at ¶ B(6).

The Court notes that Humphries also faced "the harsh provisions of the career offender" enhancements previously, namely when he was sentenced by Judge Lee in 1996. However, Judge Lee granted a downward departure and the Career Offender enhancements were not taken into consideration in fashioning that sentence.

Furthermore, Humphries mentions, almost in passing, that he has "already lost a significant employment opportunity due to a federal conviction in 1996." However, Humphries provides no information or details regarding this "significant employment opportunity."  In *United States v. Bush*, 888 F.2d 1145 (7th Cir. 1989), the United States Court of Appeals for the Seventh Circuit concluded that "[d]ifficulty in obtaining a desirable job is not a legal disability." *Id.* at 1149. The appellate court stated:

> [Petitioner] is under no legal disability of which a court may relieve him. Any obstacle in the path of his preferred career is of private origin. Although the conviction injures his reputation, which in turn reduces his prospects for high-profile employment, the facts would remain no matter what a court did. . . .  A writ of error coram nobis does not rewrite history, could not alter circumstances suggesting to prospective employers that [Petitioner] is untrustworthy (or can be embarrassed by his past). Although a court could vacate the judgment of conviction, which might affect the probability that some employers would engage him, it could not absolve [Petitioner] of the charge of crime.

*Id*.

Notwithstanding the extraordinary nature of coram nobis relief, as a practical matter, the Court recognizes that consequences do, in fact, attach to criminal convictions.  The Court finds and rules that the fact that Humphries may suffer the stigma of a felony conviction which

may prevent him from obtaining a "significant job opportunity" such is not a sufficient collateral consequence which would warrant coram nobis relief. *Cariola,* 323 F.2d at 182.

Lastly, the Court finds and rules that Humphries has failed to demonstrate that "the [alleged] error is of a fundamental character." A review of the Motion and Brief in this case reveals that Petitioner makes bald assertions against his trial counsel, the Assistant United States Attorney, and the court, but provides nothing more than abject speculation on any of these claims. The Court finds and rules that Humphries' arguments rely on nothing more than pure speculation which clearly does not which warrant coram nobis relief.

## Conclusion

For all these reasons, the Court finds and rules that Humphries has failed to meet his burden to demonstrate that coram nobis relief is necessary or appropriate and the Motion for Coram Nobis will be denied as frivolous.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HUMPHRIES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 02: 96-cr-0108 |
| ) | |
| UNITED STATES OF AMERICA ) | |

## ORDER OF COURT

**AND NOW**, this 23rd day of November, 2009, in accordance with the foregoing Memorandum Opinion, is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(1) the Motion to Proceed In Forma Pauperis In Coram Nobis Petition is **GRANTED;**

(2) the Motion For Preparation of Transcripts At Government's Expense is **DENIED AS MOOT**; and

(3) the Motion of Writ of Coram Nobis Pursuant to 28 USCA § 1651 is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:		John Humphries, #05258-068
		Northeast Ohio Correctional Center
		224 Hubbard Road
		Youngstown, OH 44505

		Carolyn J. Bloch,
		Assistant U.S. Attorney
		Email: carolyn.bloch@usdoj.gov

		Patrick M. Livingston, Esquire
		Email: micklivingston@choiceonemail.com

		Thomas A. Livingston, Esquire
		Plunkett & Cooney
		429 Forbes Avenue
		Suite 1212, Allegheny Building
		Pittsburgh , PA 15219